### RESTRICTION AS TO VALUE OF IMPROVEMENTS WHICH MAY BE MADE.

Circuit Court of Cuyahoga County.

MARY DEAN SNYDER AND F. E. SNYDER v. THE LAKEWOOD LAND & IMPROVEMENT COMPANY.

Decided, June 10, 1912.

*Building Restrictions.*

A restriction in the deed of certain premises that "no house shall be erected upon said premises at a less cost than $3,500," is violated by moving a barn upon the lot and converting the same into a house, the building after all alterations and repairs being of less value than $3,500.

NIMAN, J.; MARVIN, J., and SHIELDS, J. (sitting in place of Winch, J.), concur.

This proceeding in error had its inception in an action brought in the court of common pleas by the defendant in error, the Lakewood Land & Improvement Company, against the plaintiffs in error, Mary Dean Snyder and F. E. Snyder, to enjoin said defendants from violating a building restriction. The judgment in the court below was for the plaintiff. The defendants filed a motion for a new trial, which was overruled and they are here seeking a reversal of the judgment of the court below.

Briefly stated, the facts are as follows: the Lakewood Land & Improvement Company is the owner of an allotment of real estate in the city of Lakewood, known as the Belle avenue allot-

ment which contains 134 lots, some of which front on Madison avenue , some upon Belle avenue, and some upon Detroit avenue. All the lots in the allotment, except those fronting on Detroit avenue, are subject to uniform restrictions.  On or about the 14th day of August, 1911, the plaintiff in error, Mary Dean Snyder, purchased on a land contract one of the lots in said allotment fronting on Madison avenue.  In the contract the same restrictions were imposed upon the lot purchased as attach to the other lots in the allotment except those on Detroit avenue. That part of the restrictions necessary to be noticed here is as follows:

"No house shall be erected upon said premises at a less cost than $3,500 and shall be set back from the street line a distance of not less than 45 feet."

At the time of the purchase of this lot by the said Mary Dean Snyder, there stood partly upon the lot purchased by her and partly upon another lot, a barn, which by the terms of the purchase went with the lot.  After the contract was executed, the plaintiff in error moved the barn on to the lot purchased by them, and, having made various alterations and repairs, moved into the same and occupied it as a place of residence.  The building after alterations and repairs is admittedly of a less value than $3,500.

The question here to be decided is: 'Whether or not the restriction that "no house shall be erected upon said premises at a less cost than $3,500" has been violated by the fitting up of this barn as a place of residence and the living therein by the plaintiffs in error.

It is contended upon behalf of the plaintiffs in error that there has been no erection upon said premises of a house costing less than $3,500, and that the occupancy of this barn, which is claimed to be temporary only, does not violate the restriction.

The effect, however, of the converting of this barn into a dwelling-house upon the other lots sold by the defendant in error and upon the lots retained by it, is the same as though a new building of the same character and value had been erected and, in our opinion, there has been a plain violation of the restriction imposed upon this lot.  The purpose of this restriction was to ob-

tain uniformity in the character of buildings erected in the allotment and preserve the appearance and enhance the value of all the lots in the allotment as a desirable and attractive place for the establishment of homes. This purpose would be defeated, in part at least, if the plaintiffs in error were permitted to continue in the use of this barn as a place in which to live. They had a right to move the barn entirely on to the lot under the contract, but when they proceeded to convert it into a house, they violated the restriction, as much as though they had erected an entirely new house of equivalent value.

The court below, therefore, committed no error in granting a perpetual injunction as prayed for in the petition, but in our opinion the judgment of the court below should be modified to such an extent as to give the plaintiffs in error a reasonable time to make preparation for another place of residence, and the judgment of the court below will be so modified as to give the plaintiffs in error until the 15th day of September, 1912, to permanently vacate said structure and abandon the same as a dwelling-house. The judgment, as so modified, will then be affirmed.